UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS A. FONSECA,

   Plaintiff,

     v.

ERIC NEAL SALMINEN, *et al.*,

   Defendants.

Civil Action No. 12-1469 (CKK)

MEMORANDUM OPINION
(October 9, 2012)

Plaintiff Luis A. Fonseca filed suit against Defendants Eric Salminen and Asbestos Specialists, Inc. (collectively "Defendants") in the Superior Court for the District of Columbia, seeking damages related to an incident in which Defendant Salminen purportedly struck Fonseca in the face. Asbestos Specialists timely removed the case to this Court and filed a [3] Motion for Summary Judgment. Upon consideration of the parties' pleadings[1] and the relevant legal authority, the Court finds it is well settled in the District of Columbia that Plaintiff's common law claims are precluded by the District of Columbia Workers' Compensation Act. Accordingly, Defendants' Motion for Summary Judgment is GRANTED.

**I. BACKGROUND**

The underlying facts of this case are undisputed. At all relevant times, Luis Fonseca and Eric Salminen were employed by Asbestos Specialists. Defs.' Stmt. of Undisputed Material Facts, ECF No. [3-1], ¶ 2. Salminen served as Fonseca's supervisor while removing asbestos from the central office for the General Services Administration in the District of Columbia. *Id.*;

---

[1] See Defs.' Mot. for Summ. J., ECF No. [3]; Pl.'s Opp'n, ECF No. [6]; and Defs.' Reply, ECF No. [7].

Pl.'s Ex. 1 (Fed. Protective Serv. Report) at 1.  On July 25, 2011, while at the worksite, Salminen suddenly struck Fonseca in the face and left eye.  Defs.' Stmt. ¶ 1.  When interviewed by Federal Protective Service officers, Salminen indicated that "he spoke with [Fonseca] but d[id] not remember causing any damage to him.  Pl.'s Ex. 1 at 2.  Fonseca informed officers that "he was performing his work assignment when he was assaulted."  *Id.*  Fonseca filed suit on July 17, 2012, asserting claims for simple assault, battery, negligent supervision, and punitive damages as to both Defendants.  *See generally* Compl., ECF No. [1-4].  Asbestos Specialists filed a notice of removal on September 4, 2012, on the basis of diversity jurisdiction, Notice of Removal, ECF No. [1], ¶ 1, and subsequently moved for summary judgment.[2]

## II.  LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [that he] . . . is entitled to judgment as a matter of law." Fed. R. Civ .P. 56(a).  The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a material fact, that is, one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The dispute must also be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant.  *Id*.  In order to establish a genuine dispute, the non-moving party must (a) cite to specific parts of the record— including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence—in support of his position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute.

---

[2] The Notice of Removal indicates Defendant Salminen has not yet been served, but the motion for summary judgment was filed on behalf of both Defendants.  Defs.' Mot. at 1.

Fed. R. Civ. P. 56(c)(1).  Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment.  *Ass'n of Flight Attendants–CWA, AFL–CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 465–66 (D.C. Cir. 2009). When "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in its favor.  *Liberty Lobby*, 477 U.S. at 255.  If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate.  *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009).  In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to [the trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52.

### III.  DISCUSSION

The District of Columbia Workers' Compensation Act ("WCA"), D.C. Code §§ 32-1501 *et seq.,* provides a no-fault system of liability for the injury or death of an employee in the District of Columbia. D.C. Code § 32-1503(a), (b).  "The compensation to which an employee is entitled under this chapter shall constitute the employee's exclusive remedy against the employer, or . . . any employee . . . for any illness, injury, or death arising out of and in the course of his employment." D.C. Code § 32-1504(b).  "[O]nly injuries specifically intended by the employer to be inflicted on the particular employee who is injured fall outside of the

exclusivity provisions of the WCA." *Grillo v. National Bank of Washington*, 540 A.2d 743, 744 (D.C. 1988).

The Plaintiff relies on the WCA's definition of "injury" to show that intentional acts of co-employees are also excluded from the WCA. An injury for purposes of the WCA is defined as

> [An] accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of third persons directed against an employee because of his employment.

D.C. Code § 32-1501(12). The District of Columbia Court of Appeals rejected this argument in *Grillo*, noting

> The WCA's exclusion of employer intentional torts is to be contrasted with the situation in which a co-employee or third party intentionally injures an employee. Section [32-1501](12) includes within the scope of compensable injuries "an injury caused by the willful act of third persons directed against an employee because of his [or her] employment." From the perspective of the employer, however, the injury is still "accidental" and the employer is liable so long as the injury arose out of and occurred in the course of employment.

*Grillo*, 540 A.2d at 748. In accordance with *Grillo*, numerous courts in this District have dismissed common law claims arising from intentional torts committed by co-employees, including supervisors, as precluded by the WCA. *E.g.*, *Vanzant v. Wash. Metro. Area Transit Auth.*, 557 F. Supp. 2d 113, 117 (D.D.C. 2008); *Ramey v. Potomac Elec. Power Co.*, 468 F. Supp. 2d 51, 55-56 (D.D.C. 2006); *Tatum v. Hyatt Corp.*, 918 F. Supp. 5, 8 (D.D.C. 1994).

In the final sentence of his opposition, the Plaintiff asserts that "[s]ince being assaulted by one's supervisor is not related to a person's performance of duty or scope of employment [sic] the plaintiff would respectfully submit the assaultive conduct of defendant Salminen was outside the scope and intent of the WCA." Pl.'s Opp'n at 4. It is unclear whether the Plaintiff is

claiming the assault was not within the scope of *Plaintiff's* employment, as the sentence quoted above would imply, or was not within the scope of *Defendant Salminen's* employment, as alleged in Plaintiff's statement of material facts. *See* Pl.'s Opp'n at 11. The Court notes that the Complaint specifically alleges that the plaintiff was struck "by defendant Eric Neal Salminen while defendant Salminen was within the scope of his employment." Compl. ¶ 3. The Plaintiff cannot amend his Complaint by way of his opposition to the Defendants' motion. *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003). Therefore, the Court understands the Plaintiff to allege, albeit inartfully, that the incident in question did not "arise out of" Plaintiff's employment with Asbestos Specialists as required for coverage by the WCA, because the incident was not related to Plaintiff's duties or scope of employment.

When an employee is assaulted "on the employer's premises or otherwise in the course of employment, the employee's resulting injuries are presumed covered under the [WCA] unless the employer presents substantial evidence that the assault was motivated by something entirely personal to the employee and unrelated to the employment." *Clark v. D.C. Dep't of Emp't Servs.*, 743 A.2d 722, 728 (D.C. 2000). The plaintiff in *Clark* was assaulted in an employer-owned parking lot "by an unknown assailant for unknown reasons." *Id.* at 729. Clark's employer presented evidence that

> [Clark's] assailant picked out a specific red car in the lot and asked for the lady who drove that car. He focused on that person to the exclusion of other BMA employees, including other employees present in the lot. The inference from these facts is obviously strong that Clark's assailant had prior knowledge of some sort concerning the driver of the red car and an animus toward that person, even if he did not know her name and could not recognize her on sight.

*Id.* at 729. The court concluded that despite this evidence, Clark's claim still fell within the scope of the WCA because "the motive behind the assault remains unknown and speculative."

*Id.*  By contrast, here, Plaintiff presented no evidence of Salminen's motive for the attack.  To the extent the Court would generally agree that being assaulted by a supervisor was not within the scope of the Plaintiff's employment, that contention is irrelevant.  Faced with a record void of any evidence of Salminen's motive, the Court must presume the attack, which admittedly occurred during the course of Plaintiff's employment, also "arose out of" Plaintiff's employment, and thus is covered by the WCA.  *Id.* at 730.

### IV.  CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's claims against Defendants Eric Salminen and Asbestos Specialists are precluded by the exclusive remedy provided by the Workers' Compensation Act.  Although Defendant Salminen intentionally struck the Plaintiff, the incident occurred during the course of and arose out of both the Plaintiff's and Defendant Salminen's employment with Asbestos Specialists.  District of Columbia law is clear that the Plaintiff's only remedy for an intentional tort by a co-worker that arose out of and occurred during the course of an his employment lies with the Workers' Compensation Act.  Accordingly, the Defendants' [3] Motion for Summary Judgment is GRANTED.

An appropriate Order accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　　　　　 */s/*
　　　　　　　　　　　　　　　　　　　　　　　　**COLLEEN KOLLAR-KOTELLY**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE